UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CRYSTAL PROCTOR,

    Plaintiff,

v.                                                Case No: 6:24-cv-1551-JSS-RMN

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff, Crystal Proctor, seeks review of the decision issued by Defendant, Commissioner of Social Security, denying her claim for disability benefits—specifically widow's insurance benefits—under the Social Security Act. (Dkt. 1.) The parties have briefed Defendant's denial of Plaintiff's claim. (Dkts. 16, 22, 23.) The magistrate judge assigned to this case recommends that the court affirm the denial and direct the Clerk to enter judgment for Defendant. (Dkt. 24.) Plaintiff objects to the recommendation, (Dkt. 25), and Defendant responds to the objection, (Dkt. 26). Upon consideration, for the reasons outlined below, the court overrules Plaintiff's objection and adopts the recommendation.

## BACKGROUND

On May 13, 2021, Plaintiff applied for widow's insurance benefits alleging a disability beginning May 1, 2021, (Dkt. 14 at 20, 64, 191), and her claim was denied, (*id.* at 64–71, 73–79, 81–86, 94–95, 100–01). On May 9, 2023, an administrative law

judge (ALJ) held a hearing on the denial of Plaintiff's claim, at which Plaintiff was represented by counsel. (*Id.* at 104, 40–62.) About three months after the hearing, the ALJ issued her decision finding Plaintiff not disabled. (*Id.* at 14–20.) In the decision, the ALJ described the prescribed period for Plaintiff's claim as between July 5, 2013, and July 31, 2020. (*Id.* at 15.) Plaintiff does not challenge the prescribed period. (*See* Dkts. 1, 16, 23, 25; *see also* Dkt. 22 at 10 n.4.) Regarding the finding of no disability, the ALJ explained that Plaintiff did not establish a severe medically determinable impairment or combination of impairments. (Dkt. 14 at 17–20.) According to the ALJ, although Plaintiff showed a variety of medically determinable impairments, including musculoskeletal impairments and obesity, the impairments did not significantly limit her ability to perform basic work activities because they had at most a minimal effect causing a mild limitation and were being managed medically. (*Id.*) Plaintiff's request for agency review of the ALJ's decision was denied, making the ALJ's decision Defendant's final decision on Plaintiff's claim. (*Id.* at 5–9, 186–87.)

## APPLICABLE STANDARDS

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72. With respect to non-dispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Jordan*

*v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020). For dispositive matters, the district judge must conduct a de novo review of any portion of the report and recommendation to which a timely objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("A district court makes a de novo determination of those portions of a magistrate's report to which objections are filed."). Even in the absence of a specific objection, the district judge reviews any legal conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

When examining a denial of disability benefits, a court "determine[s] whether the ALJ's decision is supported by substantial evidence" and "review[s] questions of law de novo." *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313–14 (11th Cir. 2021). "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "This limited review precludes deciding the facts anew, making credibility determinations, or re[]weighing the evidence." *Id.* "Even if the evidence preponderates against the ALJ's findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Viverette*, 13 F.4th at 1314 (alteration adopted and quotation omitted).

## ANALYSIS

Plaintiff advances two arguments: first, substantial evidence does not support

the ALJ's conclusion that her musculoskeletal impairments and obesity were not severe, (Dkt. 16 at 6–10), and second, the ALJ did not properly evaluate the medical opinions of consultative examiner Krishna Vara, M.D., M.P.H., and non-examining consultant Kerri Aaron, M.D., (*id.* at 11–15).[1]  The magistrate judge rejects both arguments.  (Dkt. 24.)  With respect to the first, the magistrate judge explains:

> [T]he ALJ did not err when she determined [the] musculoskeletal impairments were not severe before July 31, 2020.  The ALJ correctly identified the imaging and medical records related to [the] musculoskeletal impairments, the general lack of treatment, and the many physical examinations recording normal gait and range of motion. . . . The cited medical record . . . does not undermine the ALJ's finding that the medical evidence showed generally no treatment for [the] musculoskeletal impairments.

(*Id.* at 12 (internal quotation marks omitted).)  Further, the magistrate judge observes that the ALJ properly considered Plaintiff's obesity in accordance with the applicable Social Security regulation and "found that no treating or examining physician had noted signs that suggested any vocationally significant limitation" caused by obesity.  (*Id.* at 15.)  The magistrate judge also notes that Plaintiff has failed to put forth "evidence that establishes a functional limitation" resulting from her obesity.  (*Id.*)  With respect to Plaintiff's second argument, the magistrate judge explains that the ALJ did not err in giving no weight to the opinions of Drs. Vara and Aaron because the

---

[1] To the extent that Plaintiff makes additional arguments for the first time in her reply brief (Dkt. 23) or in her objection (Dkt. 25) to the magistrate judge's recommendation (Dkt. 24), the court disregards the arguments.  *See Am. Builders Ins. Co. v. S.-Owners Ins. Co.*, 71 F.4th 847, 860 (11th Cir. 2023) ("Arguments raised for the first time in the reply brief are deemed waived." (alteration adopted) (quoting *Bank of Am., N.A. v. Mukamai* (*In re Egidi*), 571 F.3d 1156, 1163 (11th Cir. 2009))); *Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231, 1259 (11th Cir. 2022) ("A 'district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.'" (quoting *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009))).

opinions were issued more than a year beyond the prescribed period for Plaintiff's claim. (*Id.* at 16–18.)

The court agrees with the magistrate judge. First, substantial evidence supports the ALJ's conclusion that Plaintiff's musculoskeletal impairments and obesity were not severe. Medical records from the prescribed period describe Plaintiff's musculoskeletal system in terms of her gait and range of motion: in general, she had a normal and steady gait with no limping and a full range of motion. (Dkt. 14 at 311, 399, 410, 420, 427, 433, 440, 454, 475, 485, 488, 520, 527, 554–55, 573.) She also did not require an assistive device to move. (*Id.* at 475.) The records further characterize the degenerative changes to Plaintiff's spine and arthritis as "mild to moderate," as opposed to severe. (*Id.* at 582, 877.) Even after Plaintiff was injured in a car accident in October 2017, she exhibited only mild and moderate symptoms, including "[m]inimal loss of disk height" and "no fracture" for the cervical spine and "normal alignment" and "no significant degenerative changes" for the thoracic spine. (*Id.* at 531–37.) The ALJ went into greater detail, (*see id.* at 18), but these examples suffice to illustrate that substantial evidence supports the ALJ's decision as to Plaintiff's musculoskeletal impairments. With regard to Plaintiff's obesity, the ALJ "considered [its] potential impact . . . in causing or contributing to co[]existing impairments" and saw "no evidence of any specific or quantifiable impact" of the obesity "on [Plaintiff's] functioning." (*Id.* at 19.) After reviewing the medical records in evidence, the court agrees. The records establish Plaintiff's obesity but do not establish the severity of the obesity. *See Wind v. Barnhart*, 133 F. App'x 684, 691 (11th Cir. 2005) (explaining that

an ALJ did not err in failing to determine that the plaintiff's obesity was a severe impairment because "the record contain[ed] no evidence showing that [the plaintiff]'s obesity affected her ability to" work).

Second, the ALJ was not required to give any weight to the medical opinions of Drs. Vara and Aaron, which were rendered in October and November 2021, (Dkt. 14 at 963–69 (Dr. Vara's examination and opinion)), and January 2022, (*id.* at 64–71 (the Disability Determination Explanation form signed by Dr. Aaron))—well after the prescribed period ending on July 31, 2020, (*id.* at 15). *See Alvarez v. Comm'r of Soc. Sec.*, 848 F. App'x 823, 825 (11th Cir. 2021) ("Because [the doctors'] examinations f[e]ll outside of the relevant period, the ALJ did not err in failing to assign weight to their opinions."); *Cerpas v. Kijakazi*, No. 20-23443-CIV, 2022 WL 2805554, at *8, 2022 U.S. Dist. LEXIS 127129, at *24 (S.D. Fla. June 16, 2022) (recommending that the denial of the plaintiff's claim be affirmed when he "cite[d] to no law that an ALJ must give weight to opinions that fall outside of the relevant time period" (quoting *Manes v. Comm'r of Soc. Sec.*, No. 8:16-cv-3234-T-36JBT, 2018 WL 1832330, at *7 (M.D. Fla. Mar. 28, 2018))), *report and recommendation adopted by* 2022 WL 2802693, at *1, 2022 U.S. Dist. LEXIS 126978, at *2 (S.D. Fla. July 18, 2022); *Stevens v. Berryhill*, No. 8:16-cv-3183-T-27AEP, 2018 WL 1135384, at *6, 2018 U.S. Dist. LEXIS 32290, at *19 (M.D. Fla. Feb. 12, 2018) (recommending the same when the plaintiff "fail[ed] to point to anything that require[d] the ALJ to discuss the weight afforded to an opinion outside of the relevant period"), *report and recommendation adopted by* 2018 WL 1135557, at *1, 2018 U.S. Dist. LEXIS 32638, at *1 (M.D. Fla. Feb. 28, 2018).

Because the ALJ's decision is supported by substantial evidence and the AJL did not need to assign any weight to the opinions of Drs. Vara and Aaron, the court affirms Defendant's denial of Plaintiff's claim.

## CONCLUSION

Accordingly:

1. Plaintiff's objection (Dkt. 25) is **OVERRULED**.
2. The magistrate judge's recommendation (Dkt. 24) is **ADOPTED**.
3. Defendant's decision denying Plaintiff's claim is **AFFIRMED**.
4. The Clerk is **DIRECTED** to enter judgment for Defendant, to terminate any pending motions and deadlines, and to close this case.

**ORDERED** in Orlando, Florida, on May 29, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record